## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert W.,**
**Petitioner Below, Petitioner**

**FILED**

April 12, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-1047** (Marshall County 14-C-103)

**Dennis Dingess, Warden,**
**Stevens Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert W., by counsel Kevin L. Neiswonger, appeals the Circuit Court of Marshall County's June 30, 2014, order denying his petition for writ of habeas corpus.[1] Respondent Dennis Dingess, Warden, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his habeas petition, summarily, without the authority to do so.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, the grand jury indicted petitioner on two counts of sexual abuse by a custodian, parent, or person in a position of trust in violation of West Virginia Code § 61-8D-5(a). Peter Kurelac was appointed to represent petitioner.

Sometime in January of 2012, petitioner filed a complaint against Mr. Kurelac with the West Virginia Office of Disciplinary Counsel and Mr. Kurelac filed a motion to withdraw as counsel. On January 27, 2012, the circuit court held a hearing on Mr. Kurelac's motion to withdraw. At the hearing, petitioner testified that he did not oppose the motion. The circuit court noted that petitioner's trial was scheduled for the week of February 6, 2012, and that retaining or appointing new counsel would likely delay petitioner's trial. Petitioner testified that he wanted new counsel appointed and that he understood that resetting his trial might delay it until the next term of court. The circuit court asked petitioner if he was waiving his right to a speedy trial and petitioner answered in the affirmative. At the close of the hearing, Mr. Kurelac was permitted to

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

withdraw from representing petitioner. Petitioner's current counsel, Kevin L. Neiswonger, was subsequently appointed to represent petitioner and the trial was scheduled for January 31, 2012.

At a status hearing on January 31, 2012, petitioner's trial was rescheduled for February 21, 2012. Before that date, the State filed a notice of intent to use 404(b) evidence.

In April of 2012, petitioner entered into a *Kennedy*[2] plea to the offense of incest in violation of West Virginia Code § 61-8-12. On May 14, 2012, petitioner was sentenced to a term of incarceration of not less than five years nor more than fifteen years for incest. The circuit court further imposed a fifteen-year period of supervised release and a lifetime sex offender registration requirement.

In June of 2014, petitioner filed a petition for writ of habeas corpus arguing that he waived his right to a speedy trial without the assistance of counsel. The circuit court reviewed petitioner's petition, his underlying criminal file, and the transcript of the January 27, 2012, hearing, and found that "[p]etitioner herein clearly and after prolonged intelligent dialogue with the undersigned consented to his prior counsel's Motion to Withdraw as Counsel and waived his right to a speedy trial as a result of the court having to appoint new counsel." The circuit court denied the petition for writ of habeas corpus by order entered on June 30, 2014. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). On appeal, petitioner alleges that the circuit court erred in summarily dismissing his petition for habeas corpus. We do not agree.

Specifically, petitioner argues that the circuit court did not correctly dismiss his petition pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Relief, as it should have ordered respondent to file a response and then render a decision on the merits. Upon review of the record on appeal, we find no error in the circuit court's order summarily dismissing petitioner's petition for writ of habeas corpus.

Rule 4 (c) states that

---

[2] *See Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

[t]he petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived . . . .

However, petitioner's reliance on Rule 4 is misplaced, as the circuit court did not dismiss the petition on the grounds that the contentions in the petition had been previously or finally adjudicated or waived. Instead, the circuit court relied on West Virginia Code § 53-4A-7(a) which provides, in part, that

[i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought . . . .

Based upon its review, the circuit court found that "[p]etitioner herein clearly and after prolonged intelligent dialogue with the undersigned consented to his prior counsel's Motion to Withdraw as Counsel and waived his right to a speedy trial as a result of the court having to appoint new counsel." Accordingly, the circuit court was satisfied that no probable cause existed "to believe that the petitioner is entitled to any relief whatsoever." For these reasons, the record conclusively demonstrates that petitioner knowingly and intelligently waived his right to a speedy trial, and we find no error in the circuit court's order denying petitioner habeas relief.

For the foregoing reasons, we find no error in the circuit court's decision, and its June 30, 2014, order denying the petition for writ of habeas corpus is affirmed.

Affirmed

**ISSUED:  April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3